J-S49012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDREW R. AND SALLY A. DEWING,<br><br>Appellants<br><br>v.<br><br>ABARTA OIL & GAS CO., INC. TALISMAN ENERGY USA, INC., AND RANGE RESOURCES APPALACHIA, LLC,<br><br>Appellees | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 268 MDA 2015 |

Appeal from the Order Entered January 30, 2015
In the Court of Common Pleas of Bradford County
Civil Division at No(s): 10 CV 000480

BEFORE: BENDER, P.J.E., ALLEN, J., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED SEPTEMBER 04, 2015**

Andrew R. and Sally A. Dewing (the Dewings), husband and wife, appeal from the order dated January 30, 2015, and entered on the docket on February 3, 2015, which, after remand from this Court, reinstated the trial court's February 25, 2011 order, entering judgment in favor of Abarta Oil & Gas Co., Inc. (Abarta), Talisman Evergy USA, Inc. (Talisman), and Range Resources (Range) (collectively Appellees). We affirm.

This Court set forth the extensive factual and procedural posture of this case in a prior decision, stating:

> The Dewings own more than 493 acres of land located in Warren Township, Bradford County, Pennsylvania. On April 3, 2001, the Dewings, as lessors, entered into a ten-year oil and gas lease with Central Appalachian Petroleum (CAP), as lessees. The lease requires a payment of delay rental of $5.00 per acre

annually to maintain the lease during the primary term unless and until a well is drilled on the property or a well unit is drilled and such well produces oil and/or gas in commercial quantities. Appellees are the successors-in-interest of CAP and co-lessees under the lease. Appellees had working interests in the lease and paid the annual delay rental to the Dewings for years.

On April 13, 2010, the Dewings gave Abarta notice that the delay rental payment due on the third of that month had not been received. By email on April 20, 2010, the Dewings' attorney notified Talisman's counsel of Abarta's failure to pay the delay rental. The following day, Talisman's counsel advised the Dewings that Range was handling all administrative matters related to the lease, including, but not limited to, paying delay rentals. From April 26, 2010 through June 21, 2010, the Dewings received no delay rental payments from Appellees. By letter dated June 21, 2010, the Dewings served notice on Range, with a copy to Talisman, advising them that the lease was being terminated as a result of the delinquent delay rental payments and in accordance with the lease's forfeiture provision. In the letter, the Dewings requested that Appellees file a release of the lease. On July 2, 2010, Range sent the Dewings a check for the delinquent delay rentals.

On August 3, 2010, the Dewings commenced the underlying action against Appellees alleging termination of and abandonment of the lease. In the complaint, the Dewings sought a declaration that: (1) they have the right to file an action for forfeiture pursuant to the forfeiture provision in the lease; (2) the lease is terminated as a result of Appellees' failure to timely pay the delay rental; and (3) the Appellees' failure to pay the delay rental, after receiving a demand for payment, evidences the abandonment of the lease and also constitutes a material breach. On August 20, 2010, Appellees filed an answer/new matter asserting that their untimely remittance of the delay rental monies does not give rise to the remedy of forfeiture, that the lease remains in full force and effect, that the forfeiture clause in the lease is not "automatic," and that the untimely payment of money due under the lease is not a material breach. On August 23, 2010, Appellees moved for a preliminary injunction, claiming therein that the Dewings refused to provide access to the property and to consent to Appellees' reasonable selection of well pad, access road, and pipeline

- 2 -

locations. The Dewings opposed the request for injunctive relief, arguing the lease was subject to termination.

The parties submitted a joint statement of stipulated facts; oral argument on a ruling regarding the stipulated facts was subsequently held. At the beginning of the hearing, the parties agreed that the sole legal issue before the court was whether the forfeiture provision in the lease was an "automatic forfeiture" rendering any untimely payment a material breach that gives the Dewings the right to terminate the lease. **After conducting the equivalent of a stipulated non-jury trial, the trial court concluded that the parties' lease provision was not an "automatic forfeiture" provision, that Appellees had not materially breached the lease, that notice of a demand for payment is not, in and of itself, sufficient to obtain forfeiture at trial, and no other evidence suggested that the Appellees had abandoned the lease.** Based on these conclusions, on January 14, 2011, the trial court granted a preliminary injunction in favor of Appellees. However, because the parties had agreed to convert the injunction hearing into a hearing on the merits, the court issued an order, on February 25, 2011, entering final judgment in favor of Appellees on their counterclaims and dismissing all claims in the Dewings' complaint.

***Dewing v. Abarta Oil & Gas Co., Inc., et al.***, No. 1537 MDA 2013, unpublished memorandum at 1-4 (Pa. Super. filed September 25, 2014) (footnotes omitted) (emphasis added).

The Dewings filed post-trial motions, which Appellees claimed were untimely filed. Eventually, judgment was entered and the Dewings filed a notice of appeal. Upon review, this Court held that because the trial court had failed to determine whether the Dewings' post-trial motions were timely filed, it was necessary to vacate the judgment and remand to allow the trial court to determine the timeliness issue. ***See id.*** After a hearing was held on January 22, 2015, the court found that the Dewings' post-trial motions

had been filed in a timely manner and that the issues raised were properly preserved. *See* Finding of Facts and Order, 1/30/15. Thus, as ordered in February of 2011, the court re-entered judgment in favor of Appellees and the Dewings again filed an appeal. They raise the following issue for our review:

> Whether the court erred in entering final judgment in favor of [A]ppellees when the plain language of the lease as well as the joint statement of stipulated facts indicates that judgment should have been entered in favor of [the Dewings]?

Dewings Brief at 5. In the issue they raise, the Dewings request that we review the trial court's interpretation of the lease language dealing with the forfeiture clause. They also assert that the court erred by requiring proof of abandonment by Appellees.

We begin by setting forth the specific language of the lease that is in contention in this case. Subparagraph J of the lease states:

> (J) LIMITATION OF FORFEITURE: This Lease shall never be subject to a civil action or other proceeding to enforce a claim of forfeiture due to Lessee's alleged failure to perform as specified herein, unless Lessee has received written notice of Lessor's demand and thereafter fails or refuses to satisfy Lessor's demand within 60 days from the receipt of the notice.

We further recognize that this Court in our earlier memorandum decision explained the basis for the trial court's decision granting a preliminary injunction and noted that the trial court used the same reasons for ruling on the merits in Appellees' favor and against the Dewings in dismissing all of

their claims. *See Dewing, supra* (note highlighted sentence in quoted material above).

When this Court reviews the interpretation of language in a lease, we apply contract principles and property law. *McCausland v. Wagner*, 78 A.3d 1093, 1100 (Pa. Super. 2013). The *McCausland* decision provides further guidance, stating:

> "[T]he object in interpreting instruments relating to oil and gas interests, like any written instrument, 'is to ascertain and effectuate the intention of the parties.'" *Szymanowski v. Brace*, 987 A.2d 717, 720 (Pa. Super. 2009) (citation omitted).

> In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation.

> *Id.* at 722 (citation and emphasis omitted).

> To show a breach of contract, a party must establish: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Hart v. Arnold*, 884 A.2d 316, 332 (Pa. Super. 2005). When performance of a duty under a contract is due, any nonperformance is a breach. *Widmer Engineering, Inc. v. Dufalla*, 837 A.2d 459, 467-468 (Pa. Super. 2003). If a breach constitutes a material failure of performance, the non-breaching party is relieved from any obligation to perform; thus, a party who has materially breached a contract may not insist upon performance of the contract by the non-breaching party. *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 599 Pa. 546, 962 A.2d 639, 648 (Pa. 2009). Conversely, a party might breach the

contract but still substantially perform its obligations under the agreement. ***Cimina v. Bronich***, 517 Pa. 378, 537 A.2d 1355, 1358 (Pa. 1988). In that case, the breach is deemed nonmaterial and the contract remains in effect. ***Id.*** The breaching party retains the right to enforce the contract and demand performance; the nonbreaching party has no right to suspend performance. ***Widmer Engineering, Inc.***, 837 A.2d at 468.

***Id.*** at 1101.

The Dewings contend that there are two types of forfeiture clauses using the "unless" language, namely (1) an "[u]nless [c]lause [w]ithout [e]xpress [p]rovision for [f]orfeiture" or (2) an "[u]nless [c]lause with [f]orfeiture." ***See*** Dewings' Brief at 14. The Dewings explain that the first type of "unless" clause does not allow the lessor to terminate the lease when lessee fails to pay delay rental, and lessor may only bring an action for damages. With regard to the second type of "unless" clause containing a forfeiture provision, the lessor may choose to bring an action to terminate the lease. ***Id.*** at 15. Thus, the Dewings assert that because the clause in the lease agreement at issue is of the second type of forfeiture clause, Appellees had a duty to pay the delay rental or drill. Since Appellees did neither, the Dewings claim they had the right to bring this action to terminate the lease, so long as the two conditions precedent were satisfied, *i.e.*, notice to lessee and a failure or refusal to satisfy lessor's demand within 60 days of receipt of the notice. The Dewings acknowledge that subparagraph J of the lease is <u>not</u> an automatic forfeiture provision. Rather, they claim that it allows them to bring this action, or otherwise the parties'

intent in entering into the lease would be invalidated and their bargained for remedy would be void. *Id.* at 20.

The Dewings also contend that Appellees' action in failing to pay the delay rental payment within the sixty-day cure period was a material breach of the lease, a question that they argue was not reached by the trial court. They further contend that if we agree that a breach did occur, there is insufficient evidence on which to determine the materiality of the breach and a remand is necessary.

However, in reviewing the language of the trial court's January 14, 2011 order, we recognize that its reasoning supports a conclusion that although Appellees breached a contractual duty, it was not a material breach that would allow for forfeiture. The court also appears to have found that the Dewings did not present evidence regarding abandonment of the lease by Appellees and that, therefore, their remedy was an action to recover the delay rental, not forfeiture. The court relied on *Girolami v. Peoples Natural Gas Co.*, 76 A.2d 375 (Pa. 1950), wherein our Supreme Court explained:

> The lease in suit contains no provision for its automatic termination in the event of the failure of the lessee to drill or to pay the delay rental, nor any express reservation of the power of forfeiture. It therefore leaves the lessors to an action at law for the rentals and is subject to rescission only upon clear proof of its abandonment by the lessee[.]

*Id.* at 377 (citations omitted). Although we recognize the distinction between the lease language in the instant case and the absence of the same

language in the lease in *Girolami*, we conclude that the court did not err in rejecting the Dewings' claim. It is evident that the Dewings had the right to seek forfeiture, but they did not prove that Appellees' action rose to the necessary level of materiality allowing for the grant of forfeiture by the court.

Both parties also discuss *Linder v. SWEPI*, 549 Fed. Appx. 104 (3d Cir. 2013), a non-precedential decision involving an oil and gas lease between the Linder Trust and Shell Exploration and Production, LP. Although we recognize that this Court is not obliged to follow the dictates of the *Linder* case, in the absence of Pennsylvania precedential case law on point, we set forth the following discussion from *Linder*, which we find persuasive:

> As the Trust correctly notes, SWEPI breached its contractual duty when it belatedly made its delay rental payment following the expiration of the initial Lease term in September 2010. The District Court held that this breach was immaterial, however. The Trust counters that SWEPI's late payment was material because the timely payment of delay rental is of the utmost importance to the lessor-lessee relationship. We disagree. A brief delay in payment of rent where the contract contains no "time-is-of-the-essence" provision does not amount to a material breach. *See Gorzelsky v. Leckey*, 402 Pa. Super. 246, 586 A.2d 952, 956 (1991). The Trust also cites a clause in the Lease that gives SWEPI a 60-day cure period before the Trust can sue for forfeiture of the Lease. The Trust argues that because SWEPI failed to cure within 60 days, its belated payment was a material breach. Again, we disagree because this argument alters that clause's purpose, which is meant to improve the chances of an out-of-court resolution in the event of a breach by giving SWEPI a brief grace period to right its wrong. By its terms, the 60-day cure period relates only to the timeliness of bringing a lawsuit. It does not establish the materiality of a breach as would a time-is-of-the-essence clause.

*Id.* at 107-08.

Taken together, the case law cited above and by the parties and the stipulated facts provide a basis upon which to conclude that Appellees' breach was not material and that abandonment was not proven. Notably, the parties' joint stipulation of facts contains the following:

> 21. The Dewings contend that on or after June 21, 2010, after the Dewings['] letter of June 21, 2010 had been sent to the [Appellees], the Dewings withdrew their consent to Talisman's contractors being on their property and requested that Talisman's contractors cease all work on the property. While Talisman stipulates to the withdrawal of consent as set forth in this paragraph, it does not stipulate to the date of said withdrawal.

Stipulation of Facts, ¶ 21. Obviously, Appellees' contractors continued work on the property until requested by the Dewings to cease. This stipulation certainly supports a lack of intentional abandonment.

Accordingly, we conclude that the trial court's determination was not in error. Therefore, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2015

- 9 -